**FILED**
Lucinda B. Rauback, Clerk
United States Bankruptcy Court
Augusta, Georgia
By jpayton at 3:04 pm, Jun 20, 2013

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Augusta Division

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 Case |
| | ) | Number <u>05-12467</u> |
| MAE ALICE TUCKER | ) | |
| | ) | |
| Debtor | ) | |
| | ) | |

## OPINION AND ORDER

Before the Court is a Motion for Citation of Contempt and Sanctions against OneWest Bank, FSB a/k/a IndyMac ("IndyMac") filed by Mae Alice Tucker ("Debtor") and also a Joint-Motion for Approval of Attorney's Fees and Other Various Costs. This is a core matter pursuant to 28 U.S.C. §157(b)(2) and the Court has jurisdiction pursuant to 28 U.S.C. §1334. For the following reasons, I find that IndyMac violated the discharge order and Debtor is entitled to compensatory and punitive damages.

## FINDINGS OF FACT

On April 1, 1989, Debtor executed a promissory note from IndyMac for the purchase of a mobile home. Hr'g Apr. 17, 2013, Debtor's Ex. A. IndyMac's security interest in the mobile home was duly perfected. <u>Id.</u> at Ex. B. Debtor's Chapter 13 plan and bankruptcy schedules value the mobile home at $20,000.00. <u>Id.</u> at Ex.

AO 72A
(Rev. 8/82)

D; Dckt. No. 1, Sch. B. On August 1, 2005, the Debtor filed a Chapter 13 bankruptcy plan. Dckt. No. 4. IndyMac filed a proof of claim providing that it had a secured claim in the amount of $77,910.46 on September 15, 2005. Id. at Ex. C.

As of the petition date, Debtor did not own any real estate. Debtor's plan proposed to pay IndyMac $20,000.00 at 7% interest as a secured claim, with the remaining balance of $57,910.46 being unsecured. Id. at Ex. D. On December 7, 2005, IndyMac filed an objection to the confirmation of Debtor's plan, but subsequently withdrew this objection. Id. at Exs. E and F. Debtor's plan was confirmed on April 11, 2006. Id. at Exs. G and H. IndyMac also filed a motion for relief from the automatic stay, which was withdrawn. Id. at Exs. I and J. In connection with Debtor's objection to IndyMac's claim, a consent order was entered February 5, 2008, wherein IndyMac recognized the $20,000.00 crammed down value of its claim. Dckt. No. 52. Through her plan, Debtor paid approximately $24,949.72 to IndyMac. On July 20, 2010, a Notice of Transfer of Proof of Claim No. 1-1 was filed with the Court providing that IndyMac assigned its servicing interest in the Note to OneWest Bank, FSB. Hr'g Apr. 17, 2013, Debtor's Ex. K.

On October 1, 2010, Debtor received her discharge after successfully completing her plan payments. Dckt. No. 59. The

AO 72A
(Rev. 8/82)

Certificate of Service shows IndyMac and OneWest Bank, FSB were served with the discharge order. Dckt. No. 60. On December 28, 2010, the Court issued the Final Decree in Debtor's Chapter 13 Case and this matter was administratively closed. Dckt. No. 62.

Despite the Discharge Order and the warnings of the Explanation of Discharge, IndyMac sent Debtor an account statement dated August 4, 2011 reflecting total payments due as $28,097.51. Hr'g Apr. 17, 2013, Debtor's Ex. P. Debtor contacted her attorney, John P. Wills ("Wills"). Wills sent a letter to IndyMac on August 15, 2011, informing it of Debtor's bankruptcy discharge stating that their continued attempts to collect a debt violated 11 U.S.C. §1328 and that their failure to cease collection attempts would constitute a subsequent violation of the Discharge Order and result in legal action. Id. at Ex. O. Despite this demand letter, IndyMac sent subsequent statements to Debtor September 6, 2011, October 5, 2011, November 4, 2011, and December 5, 2011. Id. at Ex. P. Each notice increased the purported past due payments and total amount due. Id. at Ex. P.

On January 5, 2012, Wills sent IndyMac a second and final demand stating that IndyMac's claim had been discharged and that further collection attempts would constitute a violation of the Discharge Order and result in legal action. Id. at Ex. Q. Again,

3

despite the second demand letter, IndyMac continued to send monthly statements demanding payment in full of the pre-petition discharged debt. <u>Id.</u> at Exs. R and S. IndyMac sent a total of eighteen (18) notices to Debtor post-discharge.

On March 13, 2013, Debtor filed a Motion for Citation of Contempt and Sanctions against IndyMac seeking compensatory damages for attorney's fees and costs, travel expenses, and damages for emotional distress. Dckt. No. 68, Motion for Sanctions, Exs. A-R. In conjunction with the Citation of Contempt and Sanctions Motion, Debtor's counsel submitted Joint Motion for Attorney Fees, Dckt. No. 74, Joint Motion for Approval, Ex. A, B, C, D, and E. As a deterrent for future misconduct, Debtor also seeks an award of punitive damages.

At the hearing, Debtor testified to the stress caused by the letters. Debtor is 59 years old and testified that she has rheumatoid arthritis and the stress of the collection activities caused her to ache all over resulting in her being unable to walk, at times, due to the pain. Debtor also had to travel back forth to two attorney's offices and to court in order to prosecute her violation of the discharge claim.

## CONCLUSIONS OF LAW

Debtor requests sanctions be imposed against IndyMac

4

pursuant to 11 U.S.C. §105(a) and §524(a) for its willful violations of the discharge injunction. Section 524(a) provides:

> (a) A discharge in a case under this title-
>
> (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived.

11 U.S.C. §524.

Pursuant to §105(a), the bankruptcy court may use its contempt powers to award damages for violation of the §524 discharge injunction. In re Hardy, 97 F.3d 1384, 1389 (11th Cir. 1996); In re Wallace, 2011 WL 1335822, at *5 (Bankr. M.D. Fla. Apr. 5, 2011). The Court may find the defendant in contempt if the defendant (1) knew the discharge injunction was invoked and (2) intended the actions which violated the discharge injunction. In re Hardy, 97 F.3d at 1390.

IndyMac's actions satisfy both elements. First, IndyMac knew of the discharge injunction. It was served with the discharge order. IndyMac also received two letters from Debtor's counsel warning that its actions were violating the discharge order and that legal action would be taken if such conduct did not cease. Furthermore, IndyMac was actively involved in the bankruptcy case. It filed objections to the Confirmation Order, a motion for relief,

and signed a consent order on the objection to its claim. Its post discharge conduct failed to recognize its own actions in the bankruptcy.

Second, IndyMac intended to send the letters violating the discharge injunction. While the monthly statements sent by IndyMac state that if the debt had been discharged pursuant to the bankruptcy laws of the United States, the statements were intended solely for informational purposes, this is a veiled attempt to protect IndyMac's collection activities and could mitigate IndyMac's sanctions if the conduct ceased and if IndyMac responded to Debtor's motion. In re Wallace, 2011 WL 1335822, at *6 (Bankr. M.D. Fla. Apr. 5, 2011)(noting that "solely for informational purposes" statement on the notices sent by IndyMac might mitigate an award of sanctions if the notices and telephone calls had ceased after written request from the debtor's attorney). The content of the letters explicitly shows that IndyMac intended to collect the debt as they contained phrases such as "Total Amount Due", "Payment Due", and "Making Your Monthly Payment". Hr'g Apr. 17, 2013, Pl.'s at Ex. R. In addition, the amount of the payments due continue to rise each month. Id.

For these reasons, and for the reasons set forth on the record at the April 17, 2013 hearing, I find Debtor is entitled to

6

AO 72A
(Rev. 8/82)

actual damages pursuant to 11 U.S.C. §105(a). See In re Wassem, 456 B.R. 566, 572 (Bankr. M.D. Fla. 2009). Emotional distress is part of actual damages. Id.; In re Faust, 270 B.R. 310 (Bankr. M.D. Ga. 1998)(awarding emotional distress damages). Debtor also is entitled to reasonable attorney fees. In re Wassem, 456 B.R. at 572; In re Smith, 2012 WL 1077840 *5 (Bankr. M.D. Fla. Mar. 21, 2012)(attorneys fees are subject to lodestar method of computation and court approval and are part of actual damage award).

Debtor testified about suffering from rheumatoid arthritis and how the letters made her condition worse. The stress from the collection activities aggravated her arthritis so badly that she could not walk sometimes. After considering the facts and circumstances and due to physical and emotional distress caused by IndyMac's conduct, I find Debtor is entitled to actual damages of $100.00 per notice IndyMac sent Debtor post discharge for a total of $1,800.00. Furthermore, Debtor is entitled to her costs for travel to and from two separate attorneys' offices and court. Debtor traveled from her home in Wrens, Georgia to Wills's office in Thomson, Georgia and back at least five (5) times for a total of 243.8 miles. Debtor also traveled from her home in Wrens, Georgia to the law office of Klosinski Overstreet, LLP in Augusta, Georgia

7

AO 72A
(Rev. 8/82)

two (2) times for a total of 131.12 miles.[1] Debtor also had to travel from her home in Wrens, Georgia to court in Augusta, Georgia two (2) times for a total of 138.8 miles. The total mileage is 513.72 miles and the mileage allowance pursuant to 28 U.S.C. §1821 is $0.5650 for a total expense of $290.25.

Debtor also is entitled to reimbursement for reasonable attorneys' fees and expenses. Attorneys' fees are awarded based upon the lodestar method of multiplying the number of hours reasonably expended by a reasonable hourly rate. See Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292 (11th Cir. 1988); In re Smith, 2012 WL 1077840 *5 (Bankr. M.D. Fla. Mar. 21, 2012)(attorneys fees are subject to lodestar method of computation and court approval and are part of actual damage award). Debtor's counsel, John Wills of Fowler and Wills submitted a billing statement showing 2.0 hours expended at the reasonable hourly rate of $250.00/hr. consulting with Debtor, reviewing the file and discussing the adversary/lawsuit with Charles W. Wills. John Wills legal assistant spent 1.75 hours at a reasonable rate of $50.00/hr. The total bill is $587.50. Dckt. No. 74, Ex. B. After reviewing

---

[1] Two billing statements were submitted; one from John Wills of the Fowler and Wills law firm in Thomson, Georgia and one from Charles Wills of Klosinski Overstreet, LLP in Augusta, Georgia. John Wills referred Debtor's §524 claim to Charles Wills for prosecution.

8

the statement, I find Fowler and Wills's attorneys fees and costs in the amount of $587.50 to be in compliance with Norman.

Debtor's lawsuit was referred to Charles Wills for prosecution. According to his firm's billing statements, Charles Wills expended 24.5 hours at the rate of $250.00 for a total of $6,125.00 in attorney's fees all related to prosecuting Debtor's motion for contempt and sanctions. He also is entitled to costs in the amount of $235.00. The total bill for his work is $6,360.00. Dckt. No. 74, Ex. A. After reviewing the statement, I find the billing statement to be in accordance with Norman and award Debtor a total of $6,947.50 in attorney's fees and costs.

In addition, given the nature of the conduct, an award of punitive damages in the amount of $5,000.00 also is appropriate. The factors cited in Wallace meriting punitive damages clearly apply to this case. These factors include the: 1) nature of the violator's conduct; 2) nature and harm to the debtor; 3) ability for IndyMac to pay; 4) motives of the IndyMac; and 5) provocation by the debtor, if any. In re Wallace, 2011 WL 1335822, at *7. Just as the court in Wallace awarded punitive damages against IndyMac the nature of IndyMac's conduct in the case sub judice is a blatant violation of the discharge order as they completely ignored the discharge injunction, even after having been warned and after being sanctioned

9

for the same conduct in Wallace. See, In re Wallace, 2011 WL 1335822, at *7 (sanctioning IndyMac for the same type of conduct). The nature and harm to Debtor is egregious, as Debtor has been discharged for more than two years, yet continues to receive dunning notices. Debtor is in poor health and the stress caused by IndyMac's continued attempts to collect the debt aggravated Debtor's arthritis. There also is no evidence that IndyMac is unable to pay. IndyMac's continued violations of the discharge injunction and its failure to respond or appear at this hearing shows its blatant disregard of the provisions of the Bankruptcy Code and the orders of this Court. Lastly, Debtor has done all she was supposed to do under the bankruptcy plan. She has not provoked the collection efforts of IndyMac.

It is therefore ORDERED that:

1) The Debtor's Motion for Sanctions for Violations of a Discharged Injunction is GRANTED;

2) IndyMac is ORDERED to pay damages in the amount of $14,052.75 calculated as follows:

(a) The Joint Motion for Attorney's Fees and Other costs is GRANTED and IndyMac is ORDERED to pay $6,962.50 to Debtor's counsel for $6,712.50 in attorney's fees and $250.00 in costs.

(b) IndyMac is ORDERED to pay $290.25 to Debtor in travel

costs;

(c) IndyMac is ORDERED to pay Debtor $100.00 in damages for emotional distress for <u>each</u> of the 18 statements sent to Debtor in violation of the discharge injunction and its disregard of the two (2) cease and desist letters from Wills, and this Court's orders, totaling $1,800.00; and

(d) IndyMac is ORDERED to pay Debtor punitive damages in the amount of $5,000.00.

*/s/ Susan D. Barrett*
SUSAN D. BARRETT
CHIEF UNITED STATES BANKRUPTCY JUDGE

Dated at Augusta, Georgia
this 20th day of June, 2013.

11

AO 72A
(Rev. 8/82)